PER CURIAM:
Jason Daniel Taylor pled guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court adjudged him to be an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), because he had three prior convictions for violent felonies and sentenced him to 72 months’ imprisonment, to be followed by a five-year term of supervised release.[1] Taylor appeals this sentence. We review the district court’s interpretation and application of the Sentencing Guidelines de novo. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir.2006).
I.
Under 18 U.S.C. § 924(e), the Armed Career Criminal Act (the “ACCA”), a person who violates § 922(g) and who has three previous convictions for a “violent felony,” a serious drug offense, or both, is an armed career criminal and subject to imprisonment for a period of not less than fifteen years. Under the ACCA, the term “violent felony” means any crime punishable by imprisonment for a term exceeding one year that has an element of physical force or “presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B). See also United States v. Rainey, 362 F.3d 733, 734 (11th Cir.2004).
We have recognized that “[i]n determining whether a particular offense falls within this definition, the Supreme Court has directed trial courts to pursue a categorical approach, ‘looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.’” United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir.2002) (quoting Taylor v. United States, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). See also James v. United States, — U.S. -, 127 S.Ct. 1586, 1594, 167 L.Ed.2d 532 (2007) (we “do not generally consider the ‘particular facts disclosed by the record of conviction’ ”) (internal citations omitted). We may look beyond the “fact of conviction and the statutory definition of the prior offense” to the “particular facts underlying those convictions” only in “a narrow range of cases” where it is impossible to determine from the face of the judgment or the violated statute whether the prior conviction was for a violent felony. Taylor, 495 U.S. at 600, 602, 110 S.Ct. 2143. See also Shepard v. United States, 544 U.S. 13, 17, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).
We have previously held that escape is a crime of violence for the purpose of determining career offender status under § 4B1.2 of the Sentencing Guidelines. United States v. Gay, 251 F.3d 950, 952 (11th Cir.2001). We have also held that our cases interpreting “crime of violence” under § 4B1.2 provide important guidance in determining what is a “violent felony” under the ACCA “because the definitions for both terms are virtually identical.” Rainey, 362 F.3d at 735. Therefore, we *1114 hold that, just as under the Guidelines, escape is a violent felony for purposes of determining armed career criminal status under the ACCA.[2]
II.
Taylor pled guilty to escape in a Florida court. There is no ambiguity in the fact of his conviction for escape. Therefore, the district court was bound by Taylor and Wilkerson to apply our rule that escape is a violent felony as contemplated by the ACCA categorically to Taylor’s prior escape conviction.[3] In so doing, the district court correctly found that Taylor had three prior convictions for a violent felony and adjudicated him to be an armed career criminal under § 924(e)(1) of the ACCA. Accordingly, the district court’s sentence is without legal error and is due to be
AFFIRMED.

. Taylor’s advisory sentencing guideline range as an armed career criminal was 168-210 months. The district court departed downward based upon the government's Section 5K1.1 motion.

. We note that this interpretation of § 924(e) is consistent with most of our sister circuits. See United States v. Childs, 403 F.3d 970, 971 (8th Cir.2005); United States v. Moore, 401 F.3d 1220, 1226 (10th Cir.2005); United States v. Wardrick, 350 F.3d 446, 455 (4th Cir.2003); United States v. Franklin, 302 F.3d 722, 723-25 (7th Cir.2002); United States v. Jackson, 301 F.3d 59, 61-63 (2d Cir.2002); United States v. Houston, 187 F.3d 593, 594-95 (6th Cir.1999). But see United States v. Piccolo, 441 F.3d 1084, 1088 (9th Cir.2006) (escape from halfway house not categorically a crime of violence under Guidelines).

. Taylor’s argument that we should undertake to distinguish between his non-violent "failure to return” to a halfway house and other types of escapes is foreclosed by the Supreme Court's mandate in Taylor to apply a categorical approach to violent felony determinations and our subsequent conclusion in Gay that escape is categorically a violent felony. Gay, 251 F.3d at 955 (offense of escape a crime of violence even when it involves a "walk-away” from unsecured correctional facilities); see also United States v. Jackson, 301 F.3d 59 (2d Cir.2002) (under the categorical approach, regardless of the underlying facts, a conviction under Florida escape statute always a violent felony under § 924(e)).