[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11396
Non-Argument Calendar

_____

D. C. Docket No. 06-00039-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN HARMON RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 10, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Appellant, a convicted felon, was indicted in three counts for violations of

18 U.S.C. § 922(g)(1): Count One, for possession of six firearms on February 19,

2005; Count Two, for possession of two firearms on February 22, 2005; Count Three, for possession of ammunition on February 22, 2005. After the district court denied his motion to suppress the evidence (including the firearms and ammunition referred to in the indictment) found in his residence (a house trailer) pursuant to the execution of search warrants on February 19 and 22, 2005, appellant pled guilty to all three counts, and the court sentenced him to concurrent sentences of life imprisonment. He now appeals his convictions and his sentences. He seeks the vacation of his convictions on the ground that the district court abused its discretion when it denied him an evidentiary hearing on his motion to suppress; had he been accorded an evidentiary hearing, he submits, the court would have suppressed the evidence found in his residence. He seeks the vacation of his sentences on two grounds: the court erred (1) in treating him as an armed criminal offender, and (2) in its findings on the issue of relevant conduct. We consider first appellant's challenge to his convictions.

The allegations of the three counts of the indictment were based on firearms and ammunition the Thomasville, Alabama police obtained from appellant's residence pursuant to search warrants issued on the strength of affidavits executed by three juveniles and a police department investigator. The juveniles were victims of sexual abuse perpetrated by appellant, and witnessed appellant in

2

possession of the subject firearms.  Appellant moved the district court to suppress the firearms and ammunition, contending that the searches were illegal because the information contained in the juveniles' affidavits was false.  These affidavits stated that while the affiants were inside appellant's residence, appellant approached them dressed in a towel and exposing a loaded pistol, made them drink alcohol, and had them perform oral sex, which he photographed.

Appellant requested an evidentiary hearing so he could explore the affiants' reliability.  In response, the Government asserted that no showing of the affiants' reliability was needed and that the affidavits contained nothing of substance that was false.  The court denied appellant's request for an evidentiary hearing, finding that "the operative facts [were] not in dispute" and that the reliability of information received from the victim of a crime need not be established.  And, since appellant had not demonstrated that the allegedly false information was either deliberately or recklessly included in the juveniles' affidavits, the court concluded that an evidentiary hearing focusing on the juveniles' reliability was not called for.

The issues before us in reviewing the district court's denial of appellant's motion to suppress are whether the court's findings of fact are clearly erroneous and whether the court erred in applying the law to those facts.  If the affidavit presented to a judge in support of an application for a search warrant contained

3

false information that was included in the affidavit either deliberately or recklessly and was essential to the establishment of the probable cause necessary for the issuance of the warrant, the warrant must be voided. O'Ferrell v. United States, 253 F.3d 1257, 1267 (11th Cir. 2001). An affidavit makes a sufficient showing of probable cause if it states "facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation omitted). In moving to suppress the evidence seized pursuant to a search warrant, the defendant must make a "substantial preliminary showing" of the grounds for voiding the warrant in order to be entitled to an evidentiary hearing. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

Id. at 171, 98 S.Ct. at 1684. Furthermore, an evidentiary hearing is not required "if, when material that is the subject of the alleged falsity or reckless disregard is

4

set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." See United States v. Novaton, 271 F.3d 968, 986 (11th Cir. 2001).

In this case, nothing in the affidavits supporting the applications for the search warrants indicated the need for an evidentiary hearing to explore the affiants' reliability. Appellant was not entitled to an evidentiary hearing because he altogether failed to make any showing, much less a substantial showing, that the affidavits' assertions that affiants saw him with a firearm were false. Their assertions were plainly sufficient to support a finding of probable cause. The district court therefore committed no error in denying appellant's motion to suppress. We turn now to appellant's challenges to his sentences.

Appellant contends that the court should not have considered him an armed career criminal because the Government failed to demonstrate that his prior burglaries were generic burglaries. Section § 924(e) provides that anyone who violates 18 U.S.C. § 922(g) and has three previous convictions for, among other things, violent felonies shall be imprisoned no less than fifteen years. A burglary constitutes a violent felony if it is a "generic burglary," that is, it has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575,

5

599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). A district court may examine the charging document, plea agreement, plea colloquy, or "some comparable judicial record of this information" to determine whether a prior burglary conviction is generic or non-generic based on a guilty plea. Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005). The district court may only look beyond the fact of conviction and the statutory definition of the offenses in the few cases where it is impossible to determine from the judgment or statute of conviction whether the conviction was for a violent felony. United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007), pet. for cert. filed, (U.S. Nov. 16, 2007) (No. 07-668).

In Alabama, "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7(a). Although the Government did not present any evidence showing that appellant was an armed career criminal based on his third-degree burglary convictions, it did not need to, because the court had such evidence before it. In particular, it could look to the statutory definition of appellant's prior burglary convictions. See Taylor, 489 F.3d at 1113. The statutory definition of burglary in the third degree in Alabama is almost exactly the same as the federal definition of a generic burglary and, thus, qualifies as a violent

6

felony under § 924(e). See Ala. Code § 13A-7-7; Taylor, 495 U.S. at 598, 110 S.Ct. at 2158. Therefore, the Government did not need to present additional evidence to show by a preponderance of the evidence that appellant's prior Alabama convictions for burglary in the third degree qualified as violent felonies under § 924(e).

Appellant contends that he only pled guilty to the charges contained in the indictment and that the district court erred by taking testimony and making findings concerning relevant conduct that increased his sentence . We have established a two-step process for district courts to use in fashioning sentences. First, the court must consult and correctly calculate the sentence range prescribed by the Sentencing Guidelines. Second, the court must consider the factors enumerated in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

As long as the court treats the Sentencing Guidelines as advisory, it does not violate the defendant's constitutional rights when it makes factual findings by a preponderance of the evidence that go beyond the letter of the charges in the indictment and the jury's findings. United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (holding that the district court was permitted to find conduct that had been

7

acquitted by the jury when determining the defendant's sentence). Nor does the court err in relying on the defendant's prior convictions to enhance the sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005). A defendant with three convictions for violent felonies who violates 18 U.S.C. § 922(g) faces a term of imprisonment for fifteen years to life. 18 U.S.C. § 924(e)(1); United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993).

In this case, the district court treated the Sentencing Guidelines as advisory. Appellant's sentences of life imprisonment were within the prescribed statutory range because the jury found that appellant had violated 18 U.S.C. § 922(g) and the court was authorized by 18 U.S.C. § 924(e) to use his prior convictions to enhance his sentence. See Shelton, 400 F.3d at 1329. In sum, appellant has provided us with no basis for overturning his sentences.

**AFFIRMED.**