[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 7, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-10504
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-80097-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL JAMES BRUNSON, SR.,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(May 7, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Emmanuel James Brunson, Sr. appeals his 188-month sentence imposed after he pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). No reversible error has been shown; we affirm.

On appeal, Brunson argues that the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence pursuant to the Armed Career Criminal Act ("ACCA") based on prior convictions that were not charged in the indictment.[1] Brunson concedes that his argument is foreclosed by Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), and acknowledges that he raises it only to preserve it in case the Supreme Court overrules Almendarez-Torres. Brunson failed to raise a constitutional challenge to his sentence in the district court; so we review his claim only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[2]

Under Almendarez-Torres, which remains binding precedent, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use

---

[1]The ACCA provides "In the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

[2]Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id.

those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir. 2005); see also United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006), cert. denied, 127 S.Ct. 2096 (2007) (explaining that Almendarez-Torres remains good law "until the Supreme Court overrules it.") (citations omitted). Because we continue to follow Almendarez-Torres, the district court did not err, much less plainly err, in using Brunson's prior convictions to enhance his sentence.

Brunson also argues that his Florida conviction for fleeing or eluding law enforcement was not a violent felony and, thus, did not qualify as a predicate offense under the ACCA.[3] We review de novo whether a particular conviction is a violent felony for purposes of the ACCA. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

Brunson violated Fla. Stat. § 316.1935(3)(a), which provides that one commits a second-degree felony if he "willfully flees or attempts to elude a law enforcement officer . . . and during the course of the fleeing or attempted eluding . . . [d]rives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property."

---

[3]Brunson concedes that the other two convictions -- for two separate instances of carjacking and aggravated assault -- qualifying him for an enhanced sentence under section 924(e) are violent felonies within the meaning of the ACCA.

The ACCA defines a "violent felony," in relevant part, as a crime punishable by more than one year of imprisonment that has an element of physical force, is one of several enumerated offenses, or "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i)-(ii). Because the crime of fleeing or eluding does not have an element of physical force and is not among the enumerated offenses, whether a violation of the Florida statute is a "violent felony" turns on whether such violation "otherwise involves conduct that presents a serious potential risk of physical injury to another."[4] See id.

We have not addressed whether a violation of section 316.1935(3) is a violent felony for purposes of the ACCA. But we have concluded that it is a crime of violence under the career offender provision, U.S.S.G. § 4B1.1(a). United States v. Orisnord, 483 F.3d 1169, 1182-83 (11th Cir. 2007), petition for cert. filed, (U.S. Oct. 11, 2007) (No. 07-7070). In Orisnord, we concluded that the touchstone of the "crime of violence" inquiry was the potential risk of injury, instead of actual violence or injury. Id. at 1182. And we concluded that

_____

[4]In addition, we must employ a "categorical approach" when determining whether an offense is a violent felony under the ACCA's residual provision, considering "whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of [a] particular offender." James v. United States, 127 S.Ct. 1586, 1593-94 (2007). The relevant inquiry is "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." Id. at 1597.

attempting to flee from law enforcement combined with a person's occupation of a motor vehicle "most assuredly present[ed] a 'potential risk of physical injury' to others" based on the likelihood that a person fleeing would drive recklessly, turning a pursuit into a high-speed chase, with the "potential for serious harm to pedestrians, other drivers, and the pursuing officers." Id. at 1182-83.

And our cases interpreting "crime of violence" under the career offender provision provide important guidance in determining what is a "violent felony" under the ACCA "because the definitions for both terms are virtually identical." United States v. Taylor, 489 F.3d 1112, 1113 (11th Cir. 2007) (citation omitted); see also U.S.S.G. § 4B1.2(a)(2) (a "crime of violence" includes a crime punishable by a year of imprisonment that, among other things, "otherwise involves conduct that presents a serious potential risk of physical injury to another.").

Because the career offender provision contains an identical residual clause in its definition of "crime of violence" as the ACCA's definition of "violent felony;" and we have concluded that a violation of Fla. Stat. § 316.1935(3) is a "crime of violence," we conclude that it also is a "violent felony" under the ACCA. In addition, it is clear under the categorical approach that the conduct encompassed by the statute, in an ordinary case, presents a serious potential risk of injury to others. See James, 127 S.Ct. at 1597; Orisnord, 483 F.3d at 1182-83.

5

Accordingly, we **affirm** Brunson's sentence.