[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-10683
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00015-CR-ORL-18-JGG

UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

TRAVIS FERRELL GRIFFIN,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 19, 2008)**

Before EDMONDSON, Chief Judge, HILL and ALARCON,* Circuit Judges.

HILL, Circuit Judge:

_____

*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Travis Ferrell Griffin challenges his conviction and sentence for being a felon in possession of ammunition that had been shipped in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1). For the following reasons, we affirm the conviction and sentence.

I.

In March of 2005, Travis Ferrell Griffin was stopped by officers of the Orlando Police Department after they observed him driving a black Mercedes that rolled through a stop sign and turned left. After the officers turned on their police lights and chirped the siren, the Mercedes stopped for a few seconds, then resumed driving and pulled into a gas station parking lot.

The officers approached the car and made contact with Griffin. An officer asked Griffin to exit the car after he admitted he did not have a driver's license, an arrestable offense.

Taqueash Harrison, Griffin's girlfriend, was sitting in the passenger front seat, and her mother was seated in the rear. Harrison exited the car when Griffin did. A female officer approached her and asked her if she had any guns, drugs, or knives on her. Harrison asked if she would be arrested if she did, and the officer replied "no," and asked "what do you have on you?" Harrison responded, "He put – told me to put it in my pants when we got pulled over." Harrison said that the

2

gun was in the front of her pants. The officer alerted the others to the presence of a gun and took the gun from Harrison's waistband. The gun, a .32 caliber Kel-Tec, was loaded with three rounds of ammunition.

An officer then read Griffin his *Miranda* rights and Griffin agreed to speak to the officers. He was questioned at the rear of the car while Harrison stayed with another officer at the front of the car. When asked about the gun, Griffin admitted: "I ain't going to lie. I handed it to her when we got pulled over." The officer asked him if he had a criminal history and Griffin admitted that he did. He told the officer that he had been convicted for "possession with intent." The officers gave Griffin a verbal warning for the traffic offense and arrested him for possessing a firearm as a felon, in violation of Florida law.

Griffin was released on bond, but committed a felony drug offense (cocaine possession) and was arrested again. He was again released on bond, and again was arrested for new state charges. After that, he remained in custody. His trial was set for February of 2006.

Agents of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives learned of Griffin's criminal record and began investigating the March 2005 offense for possible violations of 18 U.S.C. § 922(g), the federal felon in possession statute. A federal grand jury indicted Griffin for the offense in January

3

of 2006 and the United States Marshal served a detainer for Griffin on the custodians of the Orange County Jail, where Griffin was incarcerated. Subsequently, the state dismissed its felon-in-possession prosecution of Griffin and the federal prosecution proceeded.

On May 1, 2006, Griffin was convicted in state court of possession of cocaine and sentenced to a term of imprisonment. On June 22, 2006, upon learning that Griffin's state proceedings had concluded, the United States petitioned the district court for a writ of habeas corpus ad prosequendum so that Griffin could be transferred to federal custody and the prosecution of his federal offense could proceed. Before Griffin could be transported, however, state officials moved him and the United States had to amend its petition. On July 12, 2006, Griffin filed his pro se demand for speedy trial in federal court.

Griffin was arraigned on the federal indictment on August 18 and in September, he signed and filed a written waiver of his statutory right to speedy trial.

Griffin filed a motion to dismiss on speedy trial grounds in the district court, which the court denied. The district court pointed out that Griffin had waived his statutory right to speedy trial, and that his constitutional right had not been denied by the time he spent in state custody on unrelated charges. Noting that Griffin had

been tried less than a year after the federal charges were filed, the court held that this amount of time was not unreasonable under the circumstances.

Griffin also filed a motion to suppress his statements during the arrest, the gun found on Harrison, and Harrison's statement regarding his having given the gun to her. The district court ruled that Griffin lacked standing to challenge Harrison's statement or the search of her person. The court also ruled that Griffin had been properly advised of his *Miranda* rights and that his statements were admissible.

At trial, the officers testified to the facts recited above. With respect to Harrison, the government elicited testimony only that Harrison admitted she had a gun in her pants and that the officers searched her and found the gun. The officers did not testify that Harrison told them (memorialized later in a sworn, written statement) that Griffin gave her the gun. The gun and ammunition found in it were introduced into evidence. The officers also testified as to Griffin's statement at arrest that he had given Harrison the gun when they were pulled over and that he had told her to put it in her pants. The officers testified that Griffin and Harrison had been kept apart during the arrest and that, prior to Griffin's statement regarding the gun, no officer had told him that the gun had been found in Harrison's pants.

Firearms experts testified regarding the Italian origin of the ammunition and that it affected interstate and foreign commerce.

At the close of the government's case, Griffin moved for judgment of acquittal on the ground that the evidence was insufficient to establish the interstate nexus element for the ammunition. The district court denied the motion.

During the defense case, Harrison's mother testified that Griffin did not run the stop sign, that she did not see him give Harrison the gun or hear them say anything about a gun, and that the officers were rough with Griffin.

Harrison also testified for the defense, but, in response to all questions regarding the night of the traffic stop, she invoked the Fifth Amendment. The government did not offer into evidence her sworn written statement taken the night of the arrest.

After the verdict, Griffin renewed his motion for a judgment of acquittal or for a new trial. The district court denied it.

On the eve of sentencing, Griffin filed a motion for new trial based on newly discovered evidence in the form of a new unsworn, undated statement by Harrison in which she exonerated Griffin. The district court denied the motion, stating that the motion was predicated upon the claim that all the witnesses for the prosecution lied, but that the jury had already determined whom it believed.

6

Additionally, the district court held that the evidence was not newly discovered since it could have been obtained earlier with due diligence and it probably would not have produced a difference result.

Griffin had an offense level of 24, but, under the Armed Career Criminal Act, 18 U.S.C. § 924(c), it was increased to 33 for having three prior violent felonies. His Sentencing Guidelines range was 235 to 293 months, with a 15-year statutory minimum. The court overruled his various objections to his sentence, and found that "nothing in this particular case" warranted deviating from the guidelines range. The district court sentenced Griffin to 235 months in prison.

Griffin filed this timely appeal.

## II.

1.  <u>Speedy Trial</u>

Griffin claims that the district court erred in denying his motion to dismiss on speedy trial grounds. We disagree.

Griffin's arguments confuse pre-indictment delay, statutory speedy trial rights, and constitutional speedy trial guarantees. One thing is clear, however. None of these rights was violated. His claim is that the triggering event for all these rights was his state arrest. This is incorrect. For the purpose of his federal prosecution, the law is clear that the triggering events are his federal indictment,

federal arrest, and federal arraignment. *United States v. Russo*, 796 F.2d 1443, 1450-51 (11th Cir. 1986); *United States v. Shahryar*, 719 F.2d 1522, 1524-25 (11th Cir. 1983). Having failed completely to address the federal triggering dates, Griffin has not established any federal violation – nor, in fact, did any occur. Accordingly, we find no merit in this claim.

2.      The Motion to Suppress

Griffin argues that the officers lacked probable cause to initiate the traffic stop or seize the gun from Harrison. He also argues that his statements were inadmissible because he did not receive *Miranda* warnings.

As to the traffic stop, the district court heard and considered the testimony regarding whether Griffin stopped at the stop sign before making the left turn. At the suppression hearing, the officers testified that he did not stop, and Harrison and her mother testified that he did. The district court credited the officers' testimony and this determination is not clearly erroneous. *See Amadeo v. Zant*, 486 U.S. 214, 225-26 (1988). Similarly, Griffin's claim that his statements were coerced was discredited by the district court and this finding is not clearly erroneous. *Id.*

Finally, Griffin fails completely to address the district court's conclusion that he lacked standing to complain of Harrison's search, but, as the district court

8

correctly recognized, he lacks standing to challenge the seizure of the gun from her pants because the search did not implicate Griffin's Fourth Amendment rights. *See United States v. Padilla*, 508 U.S. 77, 81-82 (1993). Therefore, we find no merit in this claim.

3.    The Motion for New Trial

There is no merit to Griffin's claim that the evidence was insufficient to support his conviction. The officers' testimony regarding Griffin's own statements at arrest provided ample evidence from which the jury could reasonably find that Griffin knowingly possessed ammunition that affected interstate commerce. *See United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005). The district court also correctly held that Harrison's unsworn, undated later statement exculpating Griffin could have been discovered earlier with due diligence, and, therefore, was not newly discovered.[1]

4.    Sentencing

Griffin contends that the district court erred by classifying him as an armed career criminal pursuant to 18 U.S.C. § 924(e). He claims that his prior

---

[1]Griffin also argues that the district court improperly sent to the jury Harrison's extra-record statement inculpating him, but he fails to provide any evidence whatsoever that such an event actually occurred. In fact, Griffin's counsel acknowledged that she and the government both certified the record that went to the jury. Nor was there any objection when the district court mistakenly announced that it had sent the statement to the jury.

convictions for escape and fleeing are not violent felonies. This argument is without merit. *See United States v. Taylor*, 489 F.3d 1112, 1114 (11th Cir. 2007). Nor did the district court violate his Sixth Amendment rights by enhancing his sentence based on these prior convictions. This argument is foreclosed, as he acknowledges, by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Nor do we find any merit to his contention that a sentence at the bottom of his guideline range was unreasonable.

## III.

Finding no merit in any other claim raised by Griffin, his conviction and sentence are due to be

AFFIRMED.