[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10504
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-80097-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL JAMES BRUNSON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 3, 2009)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before EDMONDSON, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

We previously affirmed Appellant Emmanuel James Brunson, Sr.'s 188-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). See United States v. Brunson, 276 Fed.Appx. 950 (2008). But the Supreme Court vacated our prior decision and remanded the case to us for additional consideration in the light of Chambers v. United States, 129 S.Ct. 687 (2009). After additional review, we see no reversible error and affirm.

Brunson received an enhanced sentence under the Armed Career Criminal Act ("ACCA") based on certain of his prior convictions.[1] Brunson argues that his Florida conviction for fleeing or eluding law enforcement was not a violent felony and, thus, did not qualify as a predicate offense under ACCA.[2] We review de novo whether a particular conviction is a violent felony for purposes of the ACCA. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).[3]

---

[1] The ACCA provides "In the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

[2] Brunson concedes that the other two convictions qualifying him for an enhanced sentence under section 924(e) -- for two separate instances of carjacking and aggravated assault -- are violent felonies within the meaning of the ACCA.

[3] Our current review involves only the classification of a prior state conviction under Chambers. Our previous rejection of Brunson's other argument that the district court violated his constitutional rights by enhancing his sentence based on prior convictions not charged in the

2

The ACCA defines a "violent felony," in relevant part, as a crime punishable by more than one year of imprisonment that has an element of physical force, is one of several enumerated offenses, or "otherwise involves conduct that presents a serious potential risk of physical injury to another."  § 924(e)(2)(B)(i)-(ii). Brunson violated Fla. Stat. § 316.1935(3)(a), which provides that one commits a second-degree felony if he "willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle . . . with siren and lights activated, and during the course of the fleeing or attempted eluding: [d]rives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property." Because the crime of fleeing or eluding does not have an element of physical force and is not among the enumerated offenses, whether a violation of the Florida statute is a "violent felony" turns on whether such violation "otherwise involves conduct that presents a serious potential risk of physical injury to another."

We employ a "categorical approach" when determining whether an offense is a violent felony under the ACCA's residual provision, considering "whether the elements of the offense are of the type that would justify its inclusion within the

indictment remains unchanged.  See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315-16 (11th Cir. 2005); see also United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006) (explaining that Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), remains good law "until the Supreme Court overrules it.") (citations omitted).

3

residual provision, without inquiring into the specific conduct of [a] particular offender." James v. United States, 127 S.Ct. 1586, 1593-94 (2007) (emphasis in original). We first look to "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." Id. at 1597. Then, we must consider whether the crime involves purposeful, violent, and aggressive conduct similar to the offenses listed in the residual clause such that it "makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim." Begay v. United States, 128 S.Ct. 1581, 1586 (2008).

In Chambers, the Supreme Court concluded that an Illinois conviction for "failure to report" for penal confinement was not a "violent felony" under ACCA's residual provision, reasoning that a failure to report did not involve the purposeful, violent and aggressive conduct "potentially at issue when an offender" commits one of the enumerated offenses. Chambers, 129 S.Ct. at 692 (citing Begay, 128 S.Ct. at 1586). Chambers characterized the relevant inquiry as whether the offender who fails to report "is significantly more likely than others to attack, or physically to resist, an apprehender, thereby producing a 'serious potential risk of physical injury.'" Id. (citing section 924(e)(2)(B)(ii)).

It is clear under the categorical approach that driving at a high speed or with

disregard for the safety of others -- the conduct encompassed by section 316.1935(3) -- presents a serious potential risk of injury to others in an ordinary case. See James, 127 S.Ct. at 1597; see also United States v. Orisnord, 483 F.3d 1169, 1182-83 (11th Cir. 2007) (concluding that a violation of section 316.1935(3) is a "crime of violence" under the career offender provision, U.S.S.G. § 4B1.1(a), because it "most assuredly present[ed] a 'potential risk of physical injury' to others").

And the behavior proscribed by section 316.1935(3) involves purposeful, aggressive, and potentially violent conduct such that an offender committing this offense is more likely than others to attack or physically resist their apprehender. Willfully fleeing or eluding a police officer combined with driving at a high rate of speed or in a manner that wantonly disregards the safety of others could escalate into a high-speed chase that threatens pedestrians, other drivers, or officers. Thus, in the light of Chambers, we conclude that a conviction under section 316.1935(3) qualifies as a "violent felony" under the ACCA. See Chambers, 129 S.Ct. at 692; United States v. Harrison, 558 F.3d 1280, 1294-96 (11th Cir. 2009)(concluding that a violation of section 316.1935(2) is not a "violent felony" under the ACCA because it did not have, as elements, the aggressive conduct of driving at a high

5

speed or with wanton disregard for the safety of others).[4]

Accordingly, we affirm Brunson's sentence.

AFFIRMED.

---

[4]Our prior opinion concluded that a violation of section 316.1935(3) was a violent felony for purposes of the ACCA based only on Orisnord. But in Orisnord, we concluded that the offense was a "crime of violence" based only on the potential risk of injury and not whether the offense additionally involved purposeful, violent, and aggressive conduct like that of the enumerated offenses. 483 F.3d at 1182. Our reasoning under Orisnord remains sound on the first step of the "violent felony" inquiry, but we did not have the additional guidance of Begay and Chambers in interpreting the ACCA in our previous opinion.