[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 27, 2006
THOMAS K. KAHN
CLERK

No. 05-15676
_____

D.C. Docket No. 05-00061-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES DAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 27, 2006)**

Before MARCUS, WILSON, and COX, Circuit Judges.

PER CURIAM:

In this appeal, we consider whether the sentencing court properly relied on

facts alleged in the charging document to determine that a defendant's prior

conviction was for a violent felony as defined by the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## I. BACKGROUND

James Day pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Day had previously been convicted, under Florida law, of: (1) breaking and entering a dwelling in 1974, (2) burglary in 1989, and (3) burglary of a dwelling in 1990. He was sentenced as an armed career criminal, defined by 18 U.S.C. § 924(e)(1) (the ACCA) as a person who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." That section sets the minimum imprisonment for armed career criminals who violate section 922(g) at fifteen years.

Day's position at sentencing was that he was not an armed career criminal because his 1989 burglary conviction should not be considered a conviction for a violent felony. Day argued that, while he was charged with second-degree felony burglary and the information stated that he "did unlawfully enter or remain in a structure, to-wit: a dwelling . . . with the intent to commit an offense therein, to-wit: Theft," he had not been convicted of that crime. (Attachment to Sentencing Memorandum, R.1-34.) Instead, he had pleaded nolo contendere to third-degree felony burglary. At the time, under Florida law, third-degree felony burglary could

2

be committed by entry into an unoccupied structure (including the curtilage of that unoccupied structure) or an unoccupied conveyance. The district court heard argument on the question and ruled that the charging document was "the best evidence to see if the defendant [fell] within the ambit of the Armed Career Criminal provision." Because the information charged Day with entering and remaining in a dwelling, the district court concluded that the 1989 burglary conviction was a generic burglary conviction and therefore a conviction for a violent felony under the ACCA. The district court sentenced Day to 15 years' imprisonment. Day appeals the sentence.

## II. ISSUES ON APPEAL AND CONTENTIONS OF THE PARTIES

Day contends that his 1989 burglary conviction does not qualify as a conviction for a violent felony under the ACCA.[1] He argues that, because he pleaded nolo contendere to third-degree felony burglary rather than to the second-degree felony burglary that was charged in the information, the district court erred in relying on the factual predicate in the information to determine that the conviction was for generic burglary. He also argues that the district court violated his Sixth Amendment

---

[1]Day does not challenge the finding that his other two convictions, for breaking and entering a dwelling in 1974 and burglary of a dwelling in 1990, qualify as violent felonies under the ACCA.

right to trial by jury when the court (rather than a jury) found that his three prior felony convictions were for violent felonies.

The Government contends that the district court properly relied on the information and its factual allegations when it determined that his 1989 conviction was for burglary of a structure, a generic burglary. The Government responds to Day's argument that his Sixth Amendment rights were violated by citing Eleventh Circuit precedent rejecting that argument.

### III. STANDARDS OF REVIEW

Because Day did not raise an objection based on the Sixth Amendment in the district court, we review his constitutional claim for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

This court reviews de novo whether a particular conviction is a violent felony for purposes of the ACCA. *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).

### IV. DISCUSSION

A. <u>Whether Day's Sixth Amendment Rights Were Violated</u>

Day contends that his Sixth Amendment right to a jury trial was violated when the district court determined that his prior burglary convictions were convictions for violent crimes rather than requiring a jury to make these findings. This argument is

4

meritless. For purposes of the ACCA, district courts may make findings regarding both the fact of a defendant's conviction and the violent nature of that conviction. *See United States v. Greer*, 440 F.3d 1267, 1275 (11th Cir. 2006). In *Greer*, we reiterated what we have stated repeatedly – we follow Supreme Court precedent holding that "the government . . . need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." 440 F.3d at 1274 (quoting *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004)). *Cf. United States v. Gibson*, 434 F.3d 1234, 1248 (11th Cir. 2006) ("'We find no merit in [the] contention that the Sixth Amendment requires that a jury, rather than a judge, determine whether [a defendant's] convictions are within the category of offenses specified in U.S.S.G. § 4B1.1(a).'") (alternations in original) (quoting *United States v. McGowan*, 134 Fed. Appx. 359, 362 (11th Cir. 2005)).

Thus, Day's constitutional claim fails the plain error test because there was no error. *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (recognizing that, for an appeals court to correct a forfeited error, "[t]here must be an error that is plain and that affect[s] substantial rights" and that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.") (internal quotations omitted) (second and third alterations in original).

5

B. Whether Day's Third-Degree Burglary Conviction Is a Conviction for a Violent Felony

The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 USC § 924(e)(2)(B).

In *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990), the Supreme Court held that a defendant has been convicted of burglary for purposes of a section 924(e) enhancement, if he was convicted of "generic burglary," defined by the Court as an offense "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599, 110 S. Ct. at 2158. A court may examine judicial records of the prior conviction, including the terms of the charging document, the jury instructions, the terms of a plea agreement, or the transcript of a plea colloquy to determine the nature of the conviction. *See Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263

6

(2005); *Taylor*, 495 U.S. at 602, 110 S. Ct. at 2160. But, once a court has determined that a conviction was for "generic burglary," the inquiry stops. Because "generic burglary" is listed in 18 U.S.C. § 924(e)(2)(B)(ii), the conviction is for a violent felony.[2]

In 1989, Florida's burglary statute defined burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. § 810.02(1) (1989). The statute defined three types of burglary: (1) where the offender entered any dwelling, structure, or conveyance and was armed or committed an assault or battery, he committed a felony of the first degree; (2) where the offender was unarmed and entered any dwelling, occupied structure, or occupied conveyance, he committed a felony of the second degree; and (3) in all other burglaries, the offender committed a felony of the third degree. Fla. Stat. § 810.02(2), (3). Under Florida law at the time, a structure included the curtilage surrounding that structure. Fla. Stat. § 810.011(1) (1989). Thus, Day's nolo contendere plea to third-degree felony burglary was a plea to unlawfully entering an

---

[2]If the conviction is for a crime other than "generic burglary" (or another crime enumerated in the statute), it still may be a violent felony. In order to make that determination, a court asks if the conviction is for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(ii); *Taylor*, 495 U.S. at 600 n.9, 110 S. Ct. at 2159 n.9.

7

unoccupied structure (including the curtilage of an unoccupied structure) or an unoccupied conveyance with intent to commit an offense therein.

The judgment of conviction for Day's 1989 burglary stated only that Day entered a plea of nolo contendere to "Burglary," in violation of Fla. Stat. § 810.02, and that the degree of the crime was "3-F." This was insufficient information for the district court to determine whether Day was convicted of burglarizing a structure or a conveyance. Therefore, the district court turned to the information that charged Day in order to determine whether his nolo contendere plea was for generic burglary. The information charged second-degree burglary, based on the factual allegation that Day had "unlawfully entere[ed] or remain[ed] in a structure, to-wit: a dwelling . . . with the intent to commit an offense therein, to-wit: Theft." (Attachment to Sentencing Memorandum, R.1-34.) The district court did not consider any other evidence of the factual predicate for the third-degree burglary conviction.

In general, a court determining whether a plea to burglary defined by a nongeneric statute is actually a plea to generic burglary may consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. Day does not argue with this general

8

rule. Rather, he argues that, in his case, reliance on the charging document was error. We agree.

Our precedent instructs that the district court may look only to the "easily produced and evaluated court documents" to establish conduct of which the defendant was convicted. *United States v. Spell*, 44 F.3d 936, 939 (11th Cir. 1995). "Thus, a district court may not rely on a charging document without first establishing that the crime charged was the same crime for which the defendant was convicted." *Id.* at 940. In this case, the district court erroneously relied on the charging document to determine that Day was convicted of entering a structure. The information charged second-degree felony burglary, the factual predicate for which was entry into a dwelling. But, Day pleaded nolo contendere to third-degree felony burglary, a crime not charged in the information. No plea agreement, transcript, or other document provided more than the legal identification of the 1989 crime as burglary in the third degree. The conviction could have been for entering a conveyance, a crime that is not generic burglary as defined in *Taylor*.[3]

---

[3]We reject the Government's argument that because the information charged only entry into a dwelling, Day could not have entered a plea to burglary of a conveyance. The Government cites no Florida law that supports that idea. And, intuitively, we doubt that Florida courts would reject a plea to a lesser charge simply because it relied on a factual predicate somewhat different from that alleged in the information.

The district court erred by basing its finding that the conviction was for generic burglary on the information, a document that charged a crime of which Day was not convicted.[4]

## V.  CONCLUSION

For the foregoing reasons, we vacate Day's sentence and remand the case to the district court for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

---

[4]The district court did not decide whether burglary of a conveyance is a violent felony because it satisfies the ACCA's other criteria (that the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another."). *See* 18 USC § 924(e)(2)(B)(ii). And, the Government did not make that argument in its appellate brief.  Therefore, we do not address the question.