[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12724
Non-Argument Calendar

_____

D. C. Docket No. 06-20800-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTORINO F. CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 15, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Victorino Chavez appeals his 48-month sentence for illegal reentry into the

United States by a deported alien. Chavez argues that his Fifth and Sixth Amendment rights were violated when the district court used prior convictions not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence. He also argues that his sentence is unreasonable because the district court weighed the nature of this prior conviction too heavily, failing sufficiently to consider the other factors set out in 18 U.S.C. § 3553(a). We AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Chavez on one count of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Chavez initially pled not guilty, but ultimately changed his plea. At the change of plea hearing, after Chavez stated that he was "pleading guilty to the indictment," the magistrate judge informed him that he had "been charged that on or about November 17th, after having previously been removed from the United States on July 27, 2000, [he had been] found here in the United States and [he] had not previously obtained approval from the attorney general to return to the United States." R3 at 9. The magistrate judge then asked the government what facts it would have proved had the case gone to trial. The government stated that it would have proved that Chavez had been deported after previously having been "convicted of one count of incest and 3 counts of unlawful sexual activity with a minor." Id. at 10. Chavez

2

admitted that the government's recitation of these facts was accurate. Id.

In preparation for sentencing, the probation office confirmed that Chavez had been physically removed from the United States in July 2000 following convictions on one count of incest and three counts of unlawful sexual activity with his 17-year-old niece, who had thereby become pregnant; and that he had illegally reentered the United States at some point after that, without inspection by an immigration officer. In November 2006, Chavez was found at the Miami-Dade County Jail. An Immigration and Customs Enforcement ("ICE") officer interviewed Chavez, who waived his Miranda rights and admitted that he had entered the country without permission. Chavez's fingerprints matched those on a warrant of deportation dated 1 May 2000.

The probation officer assigned Chavez a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a) (Nov. 2006). Chavez received a 16-level enhancement because his conviction for unlawful sexual activity counted as a crime of violence for the purpose of U.S.S.G. § 2L1.2(b)(1)(A). He received a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b). The probation officer assigned Chavez a criminal history category of III based on his prior convictions. Chavez's total offense level of 21 and criminal history category of III resulted in a sentencing range of 46-57 months of imprisonment. No

objections were filed to the presentence investigation report.

At the sentencing hearing, the district court adopted the probation officer's calculations since neither party had any objections. The court then heard argument from each side as to an appropriate sentence. The government, anticipating Chavez's request for a below-Guidelines sentence, requested a sentence at least at the low end of the Guidelines range and reminded the court of the nature of Chavez's criminal history.

Chavez offered a number of reasons for a sentence below the Guidelines range. He explained that his prior conviction had arisen out of a consensual relationship with his 17-year old niece. He pointed out that his 16-level enhancement was identical to the enhancement that an individual who had illegally reentered the United States with a prior conviction for rape or murder would have received. He argued that his prior convictions had been accounted for by both the 16-level enhancement and a higher criminal history category, and that he had already been punished for his prior offenses in the first place.

Chavez then explained that he had 13-year old twins living in the United States, and that he had returned to the United States because he wanted to provide support and be a part of their lives. Chavez personally addressed the court, apologizing for his return and requesting the lowest possible sentence.

After stating that it had considered the statements of both parties, the presentence investigation report, the advisory guidelines, and the statutory factors, the court sentenced Chavez to 48 months in prison. In response to a question from the court, Chavez stated that he had no objections to the sentence or to the manner in which it had been imposed; however, he has timely appealed his sentence.

## II. DISCUSSION

Because Chavez did not raise any objection in the district court, we review only for plain error. United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006) (per curiam). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted). Once these conditions have been met, we may notice a forfeited error only when that "error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. An error is not plain "if it is not clear under current law." United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (per curiam) (quotation omitted).

The Supreme Court has held that the government need not allege in its indictment or prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions for the purpose

5

of enhancing a sentence. Almendarez-Torres v. United States, 523 U.S. 224, 243-47, 118 S. Ct. 1219, 1230-33 (1998). The Court also clarified that 8 U.S.C. § 1326(b)(2) sets forth a sentencing factor as to the offense described in § 1326(a) and "not a separate criminal offense." Id. at 235, 118 S. Ct. at 1226. We have noted that, "although recent decisions, including Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), may arguably cast doubt on the future prospects of Almendarez-Torres[,] . . . the Supreme Court has not explicitly overruled [it]." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam). Supreme Court "decisions remain binding precedent until [the Court] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." Hohn v. United States, 524 U.S. 236, 252-53, 118 S. Ct. 1969, 1978 (1998).

Accordingly, Chavez's argument that the district court violated his Fifth and Sixth Amendment rights by using a prior conviction neither alleged in the indictment nor proven beyond a reasonable doubt is foreclosed by Supreme Court precedent. The increase in Chavez's guideline offense level was made under an advisory guidelines scheme and, thus, is not constitutional error. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (noting that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) made the Sentencing Guidelines advisory and rejected the

6

proposition that the Sixth Amendment was violated when the sentencing court made factual determinations beyond the defendant's admissions under an advisory guidelines scheme). Therefore, the district court did not err, let alone plainly err, in utilizing Chavez's prior convictions to increase his guideline offense level

Next, Chavez argues that his sentence was unreasonable because the district court relied upon a single factor, his prior conviction for a sexual offense, to determine his sentence and, thus, that his sentence was greater than necessary to comply with the statutory goals of sentencing. We review a final sentence imposed by a district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (per curiam). "Our review for reasonableness is deferential." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation omitted). Accordingly, as the Supreme Court has clarified, we review for abuse of discretion. Gall v. United States, __ U.S.__, __, 128  S. Ct. 586, 591 (2007).

After Booker, a sentencing court must first correctly calculate the advisory guideline range and then consider the factors set out in 18 U.S.C. § 3553(a). United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). The  § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the Guidelines] . . . ;

(5) any pertinent policy statement . . . ;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

§ 3553(a)(1)-(7). In reviewing a sentence for reasonableness, we consider these factors and the reasons offered by the district court for imposing a particular sentence. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam). "[T]here is a range of reasonable sentences from which the district court may choose," and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." See United States v. Fernandez, 443 F.3d 19, 32

(2d Cir. 2006); see also Talley, 431 F.3d at 788.  "[A]n acknowledgment by the district [court] that [it] has considered the § 3553(a) factors" satisfies its obligations under Booker.  United States v. Amedeo, 487 F.3d 823, 832 (11th Cir.), cert. denied, 128 S. Ct. 671 (2007).

We do not presume reasonable a sentence within the properly calculated guidelines range.  See United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). The Supreme Court has, however, upheld other circuits' decisions affording such a presumption, noting that a sentence, independently calculated by the district court in accordance with Booker, that falls within the properly calculated guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita v. United States, __ U.S. __, 127 S. Ct. 2456, 2463 (2007).  Accordingly, the district court need not provide a "lengthy explanation" when imposing a within-guidelines sentence as long as the record establishes that the district court considered the § 3553(a) factors and the parties' arguments.  United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam).

Here, the district court stated that it had considered the advisory guideline range, the parties' arguments, and the statutory factors.  See Amedeo, 487 F.3d at 832.  The district court's acknowledgment of the statutory factors was cursory, but it did hear argument from Chavez regarding his desire to take care of his children,

9

his remorse for his actions, and his arguments regarding the nature of his offense and the calculation of his sentence. Finally, the sentence imposed was within the Guidelines range. For all of these reasons, we find no abuse of discretion. The sentence was not unreasonable.[1]

## III. CONCLUSION

Chavez appeals his 48-month sentence for illegal reentry into the United States. Because we find that the district court did not err in enhancing his sentence based on a prior conviction not specifically alleged in the indictment or proven to a jury, and because we find the sentence imposed not to have been unreasonable, we **AFFIRM**.

---

[1]Chavez cites United States v. Crisp, 454 F.3d 1285 (11th Cir. 2006), in support of his argument. Crisp dealt with the improper consideration of a single § 3553(a) factor, restitution, in connection with a significant downward departure from the Guidelines range. See id. at 1292. Because the sentence imposed here was within the Guidelines range and because Chavez has not shown that the district court failed to consider the other § 3553(a) factors, Crisp is inapplicable.