[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10710
Non-Argument Calendar

_____

D. C. Docket No. 06-20418-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDY POLINO-MERCEDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 28, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Freddy Polino-Mercedes appeals his 46-month sentence for illegal reentry of

a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). Polino-Mercedes

raises two arguments: (1) his sentence is procedurally and substantively unreasonable; and (2) for the first time on appeal, that the district court violated his Fifth and Sixth Amendment rights when it used his prior felony conviction that was not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence pursuant to 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A)(i).

First, Polino-Mercedes argues that his 46-month sentence is procedurally and substantively unreasonable because the district court failed to adequately and properly consider the § 3553(a) factors. Further, Polino-Mercedes argues that the sentence fails to take into consideration potential sentencing disparities because, if he had been convicted of cocaine trafficking in federal court, rather than state court, his Guideline range would likely have been lower, and thus he might have received a lower sentence based on the instant offense. Additionally, Polino-Mercedes argues that a 16-level enhancement for a prior aggravated felony is unreasonable because it fails to distinguish between more severe and less severe misconduct, it double or triple counts the criminal history points, and it fails to take into account disparities across districts in reentry cases due to the existence of "fast-track" programs in certain districts. Polino-Mercedes further argues that his sentence is unreasonable particularly because his conduct was minor. Polino-

Mercedes cites Lopez v. Gonzales, 549 U.S. ___, 127 S.Ct. 625 (2006), for the proposition that federal law, rather than state law, should be the benchmark of the "seriousness" of a drug trafficking crime for federal sentencing purposes.

Pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a district court's ultimate sentence for reasonableness. United States v. Arevalo-Juarez, 464 F.3d 1246, 1249 (11th Cir. 2006). The sentencing court must first correctly calculate the defendant's Guideline range. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence. Id. When we review a sentence for reasonableness, we consider "the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

Unreasonableness may be procedural or substantive. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id. Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors. Talley, 431 F.3d at 786. A sentence "may be substantively

3

unreasonable, regardless of the procedure used." Hunt, 459 F.3d at 1182 n.3. The weight accorded to the § 3553(a) factors is within the district court's discretion. United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7).

Polino-Mercedes's argument that disparities in sentences that arose due to a lack of fast-track programs in certain districts fails because, in Arevalo-Juarez, we held that "it was impermissible for the district court to consider disparities associated with early disposition programs in imposing [defendant's] sentence, because such disparities are not 'unwarranted sentencing disparities' for the

4

purposes of § 3553(a)(6)." 464 F.3d at 1251.

Regarding whether Polino-Mercedes's prior cocaine conviction was impermissibly double or triple counted, the district court considered the issue when it asked the government for a response to Polino-Mercedes's argument. Moreover, we have held,

> Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines. We presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise. Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing.

United States v. Dudley, 463 F.3d 1221, 1226-27 (11th Cir. 2006) (quotations and citations omitted). Polino-Mercedes does not argue that the district court incorrectly calculated his Guideline range. However, he argues that his sentence is unreasonable because his prior conviction is double or triple counted, and thus results in a sentencing disparity because his sentence is the same as that for someone who has been convicted of a more serious crime. His argument fails because this disparity is not unwarranted as it was created by a proper application of the Guidelines.

To the extent that Polino-Mercedes argues that he received a procedurally

5

unreasonable sentence because the district court failed to consider his arguments and the § 3553(a) factors, his argument fails. Before sentencing Polino-Mercedes, the district court judge stated, "I think the guideline sentence is a reasonable sentence and I'm going [to] impose a sentence at the low end of the guidelines." However, the district court discussed various § 3553(a) factors before it sentenced Polino-Mercedes. Further, the court explicitly stated that it had considered Polino-Mercedes's arguments and the § 3553(a) factors. In fact, the district court specifically mentioned § 3553(a) three times. Therefore, the record shows that the court complied with Booker's requirements. See Talley, 431 F.3d at 786. The record also shows that the district court did not presume a within-guidelines sentence to be reasonable.

Polino-Mercedes argues that the Supreme Court's holding in Lopez, 549 U.S. ___, 127 S.Ct. 625, indicates that federal rather than state law should be the benchmark of the "seriousness" of a drug trafficking crime for federal sentencing purposes. In Lopez, the Court held that for purposes of determining whether a felony is an aggravated felony for purposes of the Immigration and Nationality Act, "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Id. at ___, 127 S.Ct. at 633. Here, Polino-Mercedes concedes that

6

his conviction for selling cocaine would have been a felony under federal law because he admits that he would have been eligible for a term of imprisonment of 8 to 14 months if he had been sentenced under federal law. Polino-Mercedes's argument fails because the Guidelines properly accounted for the seriousness of his underlying conviction and the district court considered his argument.

Regarding whether Polino-Mercedes's sentence is reasonable, the district court stated that it had considered the statements of the parties, the PSI, the advisory Guidelines range, as well as the § 3553(a) factors. At the sentencing hearing, the district court heard argument from counsel for Polino-Mercedes, argument from counsel for the government, and a statement from Polino-Mercedes. To the extent that Polino-Mercedes argues that the district court failed to give weight to his factors asserted in support of a lower sentence, such as the need for healthcare and his personal circumstances, that decision is within the district court's discretion. See Williams, 456 F.3d at 1363 ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."). Further, Polino-Mercedes's 46-month (3 years, 10 months) sentence was at the bottom of the Guidelines range and below the statutory maximum of 20 years' imprisonment. See 8 U.S.C. § 1326(b)(2), see also Winingear, 422 F.3d at 1246. Based on this record, Polino-Mercedes has not met

the burden of establishing the unreasonableness of his sentence.

Second, Polino-Mercedes argues for the first time on appeal that his Fifth and Sixth Amendment rights were violated when the district court used his prior conviction that was not alleged in the indictment or proven to a jury beyond a reasonable doubt to enhance his sentence under both U.S.S.G. § 2L1.2(b)(1)(A) (adding 16 levels for having a prior aggravated felony) and 8 U.S.C. § 1326(b)(2) (increasing the statutory maximum to 20 years' imprisonment). He acknowledges that his argument is foreclosed by our precedent, but raises the claim to preserve it for further appellate review. Because Polino-Mercedes did not raise an objection based on the Fifth and Sixth Amendments in the district court, we review his constitutional claim for plain error. See United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (citations and quotations omitted). An error is not plain "if it is not clear under current law."

8

United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (citation and quotations omitted).

In Almendarez-Torres, the Supreme Court held the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions for purposes of enhancing a sentence. 523 U.S. at 235-39, 118 S.Ct. at 1226-29. We have noted that, while recent decisions, including Shepard, may arguably cast doubt on the future prospects of Almendarez-Torres, the case is still controlling precedent as the Supreme Court has not explicitly overruled it. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 546 U.S. 951 (2005). As the Supreme Court has stated, its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." Hohn v. United States, 524 U.S. 236, 252-53, 118 S.Ct. 1969, 1978, 141 L.Ed.2d 242 (1998).

While the Supreme Court may have cast doubt on Almendarez-Torres, it has not specifically overruled that case. Camacho-Ibarquen, 410 F.3d at 1316 n.3. As such, any error is not plain because it is not clear under Supreme Court or our caselaw. See Chau, 426 F.3d at 1322 ("where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there

9

is no precedent from the Supreme Court or this Court directly resolving it."). Thus, Polino-Mercedes's argument that the district court violated his Fifth and Sixth Amendment rights by increasing the statutory maximum under 8 U.S.C. § 1326(b)(2) fails. Based on our precedent, Polino-Mercedes has failed to show plain error.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error. Therefore, we affirm.

**AFFIRMED.** [1]

---

[1] Polino-Mercedes's request for oral argument is denied.