[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14288
Non-Argument Calendar

_____

D. C. Docket No. 3:10-cr-00204-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN R. CRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 30, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Defendant appeals his 180-month prison sentence.  Upon review of the record and consideration of the parties' briefs, we affirm Defendant's sentence.

Following a bench trial, the District Court found Defendant guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Pursuant to the Armed Career Criminal Act ("ACCA"), the District Court sentenced Defendant to 180 months of imprisonment.  18 U.S.C. § 924(e).

Defendant contends, for the first time on appeal, that the sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment.  According to Defendant, the District Court violated the Eighth Amendment by classifying Defendant as an "armed career criminal" because two of Defendant's predicate state convictions were for conduct that occurred when Defendant was 17 years old (and because one conviction stemmed from conduct shortly after Defendant turned 18 years old).

We ordinarily review de novo a district court's application of the ACCA. See United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998).  But we review a constitutional issue raised for the first time on appeal only for plain error.  United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006) (per curiam); see also United

States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam) ("Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error.").

The ACCA subjects a defendant convicted under 18 U.S.C. § 922(g) to a mandatory minimum sentence of 15 years of imprisonment if the defendant has three prior convictions for serious drug offenses, committed on different occasions. 18 U.S.C. § 924(e)(1).

We have written that a prior conviction where the defendant was a juvenile at the time of the offense conduct "counts towards ACCA enhancement" where the government prosecutes the defendant as an adult. United States v. Spears, 443 F.3d 1358, 1360-61 (11th Cir. 2006) (per curiam).

We have also interpreted the Supreme Court's decision in Roper v. Simmons, 125 S. Ct. 1183 (2005), a decision Defendant cites for support. Roper decided "only that the Eighth Amendment prohibits sentencing capital offenders to death if the offender was under the age of eighteen at the time of the offense." United States v. Wilks, 464 F.3d 1240, 1243 (11th Cir. 2006). Roper did not decide sentence enhancement under the ACCA. Id. And in Wilks we again concluded that offenses committed while the defendant was a juvenile can qualify as predicate offenses for sentence enhancement under the ACCA. Id.

3

Here, Defendant acknowledges "that the state of the law in this circuit, as reflected above, is adverse to his position."  But Defendant urges us to reconsider our precedent.  We decline to do so.  A directly on-point decision of a prior panel binds us unless the Supreme Court or this Court sitting en banc overrules the prior panel's decision.  E.g., United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997) (per curiam).

Under the already-existing law, the District Court committed no plain error by relying in part on Defendant's two Florida state convictions -- stemming from offenses committed while Defendant was a juvenile -- to classify Defendant as an armed career criminal under the ACCA.  Defendant's constitutional challenge fails.  We AFFIRM Defendant's sentence.

AFFIRMED.