[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12893
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00024-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL ALFREDO CONSTANZA,
a.k.a. Alfredo Raul Constanza-Ventura,
a.k.a. Raul A. Blanco,
a.k.a. Raul Blanco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 21, 2016)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In this direct appeal, Raul Constanza appeals his 37-month sentence imposed after pleading guilty to one count of being a previously deported alien who illegally reentered the United States without permission, in violation of 8 U.S.C. § 1326(a) and (b)(1).  The issue presented in this appeal is whether Constanza's 2005 New York attempted second-degree burglary conviction qualifies as a "crime of violence" for the purposes of a 16-point offense-level enhancement under Section 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines.  Following a careful review of the record and briefs, we affirm.

## I.  BACKGROUND

### A.    Offense Conduct

We recount the facts from Constanza's presentence investigation report ("PSI").  On April 10, 2013, Constanza stole electronics and other miscellaneous items from his roommate's bedroom.  On or about April 16, 2013, local Florida police officers arrested Constanza for the theft.  Constanza provided the police with a fake Mexican consulate card.

On April 17, 2013, Immigration and Customs Enforcement ("ICE") identified Constanza as an individual who was probably in the United States illegally and, therefore, lodged an immigration detainer.  ICE eventually

discovered that Constanza was a citizen of El Salvador who was previously deported from the United States to El Salvador in 2006. He never applied for, nor did he receive, permission to re-enter the United States.

## B.    Indictment and Guilty Plea

On February 11, 2015, a federal grand jury returned a one-count indictment against Constanza, charging him with being a previously deported alien who illegally reentered the United States without permission, in violation of 8 U.S.C. § 1326(a) and (b)(1). After initially pleading not guilty, Constanza changed his plea to guilty, which the district court accepted.

## C.    Prior Felony Burglary Convictions

The PSI recounted that from January 7, 2005, to February 29, 2005, in Suffolk County, New York, Constanza "entered different dwellings with the purpose of committing larceny," and stole electronics and jewelry. On October 31, 2015, Constanza was convicted of multiple counts of attempted second-degree burglary.

For one of those convictions, the New York "Criminal Information"[1] is in the record and it charges Constanza with "burglary in the second degree" for "unlawfully enter[ing] in a dwelling located at 297 LaFayette St., Copiague, with intent to commit a crime therein." According to the corresponding written

---

[1]Constanza waived his right to an indictment and consented to prosecution by criminal information.

3

judgment, Constanza was convicted of "ATT.BURG.2," in violation of N.Y. Penal Law §§ 110.00 and 140.25.

## D.    Sentencing

The PSI recommended a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a).  The PSI added to that base offense level a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because Constanza was previously deported after an attempted second-degree burglary conviction in New York, which is a "crime of violence."  The PSI also applied a three-level reduction under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility and cooperation with authorities.

Constanza's total adjusted offense level was 21.  Based on this total offense level and a criminal history category of III, Constanza's advisory guidelines range was 46 to 57 months' imprisonment.

Constanza filed a written objection to the 16-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii).  He argued that he was eligible for only a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D) for being deported after a conviction for a felony not otherwise enumerated in § 2L1.2(b).  The probation officer disagreed, noting that the Criminal Information and written judgment— both Shepard[2] documents—established that Constanza was convicted of attempted

_____

[2]Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005).

second-degree burglary, in violation of N.Y. Penal Law §§ 110.00 and 140.25, which qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

At sentencing, the district court determined that the 16-level enhancement was appropriate and overruled Constanza's objection. The court adopted the findings of fact and guidelines calculations contained in the PSI. After reviewing the PSI and considering the factors under 18 U.S.C. § 3553, the district court varied downward 9 months below the bottom end of Constanza's advisory guidelines range of 46 to 57 months. The court sentenced Constanza to 37 months' imprisonment. Constanza then reasserted his objection to the 16-level enhancement, which the court overruled. This appeal followed.

## II. DISCUSSION

On appeal, Constanza argues that his 2005 New York attempted second-degree burglary conviction is not a "crime of violence" as defined by U.S.S.G. § 2L1.2(b)(1)(A)(ii) and, therefore, the district court erred by applying the 16-level enhancement.[3] We first examine what constitutes a "crime of violence" under that Guideline at issue.

---

[3]"We review de novo whether a defendant's prior conviction qualifies as a 'crime of violence' under the Sentencing Guidelines." United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010) (quotation marks omitted).

5

A.      Definition of "Crime of Violence" in U.S.S.G. § 2L1.2

Section 2L1.2 of the Sentencing Guidelines provides for a 16-level increase to a defendant's base offense level "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence."  U.S.S.G. § 2L1.2(b)(1)(A)(ii).  The Application Notes to § 2L1.2(b)(1) define a "crime of violence" as any of several enumerated offenses, expressly including "burglary of a dwelling."  Id. § 2L1.2 cmt. n.1(B)(iii).

The Application Notes also provide that a predicate "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting" to commit a "crime of violence."  Id. § 2L1.2 cmt. n.5.  Thus, attempted burglary of a dwelling qualifies as a "crime of violence" under § 2L1.2(b)(1)(A)(ii).

B.      Constanza's Burglary Conviction—Modified Categorical Approach

The next question is whether Constanza's New York attempted second-degree burglary conviction constitutes a conviction for attempted "burglary of a dwelling" as provided by the Application Notes to § 2L1.2(b)(1), and thus qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  To make this determination, we generally apply a categorical approach.  United States v. Ramirez-Flores, 743 F.3d 816, 820 (11th Cir. 2014).  However, "in cases involving a 'divisible' statute—i.e., one that sets out one or more elements of the offense in

the alternative, in effect creating several different crimes"—we apply a modified categorical approach.  Id.

## C.    Divisibility

Before applying the modified categorical approach, we examine whether Constanza's attempted second-degree burglary conviction violated a divisible statute.  See United States v. Estrella, 758 F.3d 1239, 1245 (11th Cir. 2014).  The parties agree that New York's second-degree burglary statute is divisible.  New York law has a tiered statutory scheme for burglary.  See N.Y. Penal Law §§ 140.20, 140.25, 140.30.  At issue here is New York's second-degree burglary statute, § 140.25, which reads as follows:

> **§ 140.25.  Burglary in the second degree**
>
> A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
>
> 1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
>
>    (a) Is armed with explosives or a deadly weapon; or
>
>    (b) Causes physical injury to any person who is not a participant in the crime; or
>
>    (c) Uses or threatens the immediate use of a dangerous instrument; or
>
>    (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or

    2.  <u>The building is a dwelling.</u>

<u>Id.</u> § 140.25 (emphasis added).  Thus, a person is guilty of second-degree burglary

when he "knowingly enters or remains unlawfully in a building with intent to

commit a crime therein" and that "building is a dwelling."  <u>Id.</u>  Indeed, New York

law even narrows further the definition of a "dwelling" and defines it as "a

building which is usually occupied by a person lodging therein at night."  <u>Id.</u>

§ 140.00(3).

    We agree with the parties that § 140.25 is a divisible statute.  Courts can

usually determine whether a statute is divisible by simply reading its text and

asking if its elements or means are drafted in the alternative.  <u>Estrella</u>, 758 F.3d at

1246.  It is clear from "simply reading its text" that the elements or means of

§ 140.25 are drafted in the alternative.  <u>See id.</u>  Specifically, the text of § 140.25

contains a distinct subsection that creates a separate and divisible crime for

unlawfully entering a building that is a dwelling with intent to commit a crime

therein.  N.Y. Penal Law § 140.25(2).[4]  Accordingly, we may employ the modified

categorical approach to determine under which of the alternative statutory phrases

Constanza was convicted.

_____

[4]We also point out that N.Y. Penal Law § 140.00(2) sets out another definition of a "building" that encompasses many types of structures, such as watercraft.  In contrast, § 140.25(2) has its own definition of what constitutes a building.  To violate § 140.25(2), the building must be a dwelling.  Thus, the broader definition of "building" in § 140.00(2) does not apply to this alternative crime in § 140.25(2).

**D.    Shepard Documents**

Under the modified categorical approach, we may consult a limited class of documents, such as indictments, plea agreements, jury instructions, and undisputed facts contained in the PSI to determine which alternative elements or statutory phrases formed the basis of the defendant's prior conviction.  Ramirez-Flores, 743 F.3d at 820 & n.3.  These documents are known as Shepard documents.   Id. at 820 n.3.

Upon review of the available Shepard documents, Constanza was convicted of attempted burglary of a dwelling under §§ 110.00 and 140.25(2).[5]  A written judgment from a New York state court provides that in 2005, Constanza was convicted of attempted burglary in the second degree, in violation of N.Y. Penal Law §§ 110.00 and 140.25.  The Criminal Information charged that Constanza "unlawfully entered in a dwelling located at 297 LaFayette St., Copiague, with intent to commit a crime therein." (emphasis added).  The Criminal Information's use of the word "dwelling," the designation of a specific address, and the omission of the other terms used in § 140.25(1)(a)-(d) make clear that § 140.25(2) was the alternative statutory phrase underlying Constanza's conviction.

---

[5]Under New York law, criminal attempt is committed "when, with intent to commit a crime, [the defendant] engages in conduct which tends to effect the commission of such crime." N.Y. Penal Law § 110.00.  As noted earlier, the Application Notes to U.S.S.G. § 2L1.2 expressly enumerate "burglary of a dwelling" as a "crime of violence" and provide that an attempt to commit such an enumerated offense qualifies as a "crime of violence."  U.S.S.G. § 2L1.2 cmt. nn.1(B)(iii), 5.

We recognize that Constanza argues that he pleaded guilty to only the offense of <u>attempted</u> second-degree burglary—as opposed to the complete offense of second-degree burglary charged in the Criminal Information. He argues that this means that he pleaded guilty to a different crime and, therefore, this Court may not rely at all on the Criminal Information here, which charged the complete offense. But this argument ignores the fact that Constanza did not plead guilty to a crime substantively different from the crime charged in the Criminal Information. Rather, he pleaded guilty to the attempt form of the same crime charged in the Criminal Information. Thus, we may look to the Criminal Information to determine the statutory phrase of conviction.

Constanza relies on our decision in <u>United States v. Day</u>, 465 F.3d 1262 (11th Cir. 2006), but that decision is materially different. The defendant in <u>Day</u> challenged his sentence enhancement under the Armed Career Criminal Act ("ACCA") on the grounds that his prior burglary conviction did not qualify as a predicate "violent felony." <u>Day</u>, 465 F.3d at 1264. The charging document alleged that the defendant had unlawfully entered or remained in a dwelling and charged him with committing second-degree burglary under Florida law. <u>Id.</u> at 1266. However, the written judgment indicated that the defendant pleaded <u>nolo contendere</u> to third-degree burglary, which only required unlawful entry into an unoccupied structure other than a dwelling and did not qualify as a "violent

10

felony." Id.  In Day, the defendant was convicted only of the substantively different crime of third-degree burglary.  Id.

In contrast to Day, the Criminal Information alleged that Constanza unlawfully entered a dwelling, a fact that comports with his conviction for attempted second-degree burglary.  There is no factual incongruence between the Criminal Information and judgment in Constanza's case.

Because Constanza's conviction under §§ 110.00 and 140.25(2) constitutes a conviction for an attempted "burglary of a dwelling," it qualifies as a predicate "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  See U.S.S.G. § 2L1.2(b)(1)(A)(ii) & cmt. nn.1(B)(iii), 5.  Constanza's previous felony conviction for a "crime of violence" warranted a 16-point offense level enhancement and the district court committed no error in applying it.

## III.  CONCLUSION

For the foregoing reasons, we affirm defendant Constanza's sentence.[6]

**AFFIRMED.**

---

[6]Constanza does not appeal his conviction.

11