[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11222
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00249-VMC-TGW-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

TOMMIE LYNN MCGOWAN,
a.k.a. Tommy Lynn McGowan,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 21, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tommie McGowan appeals his 180-month sentence, imposed below the applicable advisory guideline range, after he pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Because binding precedent forecloses each of Mr. McGowan's arguments on appeal, we affirm.

We generally review *de novo* whether a defendant's prior conviction qualifies as a violent felony under the Armed Career Criminal Act. *See United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006). But where, as here, a defendant does not object to the ACCA enhancement in the district court, we review for plain error. Under plain error review, a defendant must show that "there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). "[I]f all three requirements are met, it is still within [our] discretion whether to correct the forfeited error." *United States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998).

The ACCA carries a mandatory minimum sentence of 15 years' imprisonment when a defendant has been previously convicted of a violent felony or a serious drug offense on three separate occasions. *See* 18 U.S.C. § 924(e)(1). In this case, Mr. McGowan had four ACCA-qualifying predicate offenses, and

2

although the district court varied below the advisory guidelines range, it sentenced him to the statutory minimum of 15 years' (or 180 months') imprisonment.[1]

Mr. McGowan does not challenge the four underlying offenses that led to his classification as an armed career criminal.  Br. of Appellant at 3–4.  Instead, he asserts that the ACCA enhancement was unconstitutional because (1) the district court used *Shepard*[2] documents to determine whether his predicate offenses occurred on separate occasions and (2) the government did not allege that he had three or more predicate offenses in the indictment or prove the facts of those offenses beyond a reasonable doubt.

Mr. McGowan concedes that his arguments are foreclosed by binding circuit and Supreme Court precedent, but raises the issues only to preserve them for further review.  *See United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir. 2013) (holding that a district court may review *Shepard* documents "to determine 'the factual nature' of prior convictions for ACCA purposes, 'including whether they were committed on different occasions'") (citations omitted); *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998) (holding that, for sentencing purposes, the government does not need to allege a defendant's prior conviction or prove the fact of a prior conviction where that fact "is not an element of the present

---

[1] Based on a total offense level of 31 and a criminal history category of VI, the advisory guidelines range was 188 to 235 months' imprisonment.  Mr. McGowan's predicate offenses included an aggravated battery and three sales of controlled substances on separate occasions.

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

3

crime"). *See also United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) (explaining that *Almendarez-Torres* remains good law and "binding until it is overruled by the Supreme Court").

Because we are bound by the decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court, s*ee United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998), and by decisions of the Supreme Court, we affirm Mr. McGowan's sentence.

**AFFIRMED.**

4