[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11236
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00396-LSC-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND DEWAYNE TURNER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 10, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), Desmond Turner appeals his 240-month sentence. At sentencing, the district court found that Turner was an armed career criminal under the Armed Career Criminal Act ("ACCA") due, in part, to his two prior Alabama convictions for first degree burglary. On appeal, Turner argues that the district court erred in determining that his Alabama first degree burglaries qualified as ACCA predicate offenses. After review, we affirm.

## I. BACKGROUND FACTS

### A. Offense Conduct and Guilty Plea

In September 2015, Turner was a fugitive wanted on charges in Alabama for first degree robbery. Law enforcement officers learned that Turner was staying in a Birmingham motel and arrested him in his room. While doing so, the officers observed a small amount of drugs on a nightstand. Turner advised the officers that a gun was concealed in the room, but said that the gun belonged to someone else. Officers searched Turner's room and found a loaded 9mm semi-automatic pistol inside the drawer of the nightstand, along with a zip lock bag containing what Turner said was heroin and Xanax.

In November 2015, a federal grand jury indicted Turner on one count of being a felon in possession of a firearm. In January 2016, Turner pled guilty to the charge pursuant to a written plea agreement.

2

**B.**     **Presentence Investigation Report**

Turner's presentence investigation report ("PSI") initially calculated Turner's offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), and imposed a four-level increase, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because Turner possessed a firearm or ammunition in connection with another felony offense (specifically the first degree robbery charged in Alabama state court and the drugs found with the gun), for an adjusted offense level of 24.

The PSI designated Turner an armed career criminal under the ACCA based on his Alabama convictions for: (1) attempted murder; (2) second degree burglary; (3) first degree burglary in April 2006; and (4) first degree burglary in July 2006. As a result of Turner's ACCA status, the PSI increased Turner's offense level to 33, pursuant to U.S.S.G. § 4B1.4. After the PSI applied a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E.1.1(a), Turner's total offense level was 31.

Regardless of his ACCA status, Turner's criminal history category was V based on his criminal history score of 12. With a total offense level of 31 and a criminal history category of V, Turner's initial advisory guidelines range was of 168 to 210 months' imprisonment. However, because Turner was subject to the ACCA's fifteen-year mandatory minimum, the advisory guidelines range increased to 180 to 210 months.

## C.    Sentencing

Turner objected to the PSI's application of the ACCA, arguing that he did not have three prior qualifying convictions.  At his March 2017 sentencing, Turner conceded that his attempted murder and second degree burglary convictions constituted violent felonies, but argued that his first degree burglary convictions did not, relying on the Supreme Court's recently decided Mathis v. United States, ___ U.S. ___, ___, 136 S. Ct. 2243 (2016).  Specifically, Turner argued that Alabama's first degree burglary statute was broader than the Supreme Court's definition of generic burglary because it required proof that the defendant committed both generic burglary and one of several aggravating factors.

The district court denied Turner's objection and determined that his first degree burglary convictions were ACCA predicate offenses.  The district court pointed out, and Turner agreed, that the Alabama statute encompassed each of the elements of generic burglary, and the district court concluded that the inclusion of additional elements did not mean that Turner's first degree burglary convictions did not qualify as violent felonies.[1]

The district court found that, with a total offense level of 31 and a criminal history category of V, Turner's resulting advisory guidelines range was 180 to 201

_____

[1]The district court, without objection from Turner, admitted the government's copies of state court records for Turner's four ACCA predicate offenses as exhibits one through eight.  At the sentencing hearing, the district court also directed the government to file the exhibits, but these exhibits are not in the record on appeal.

4

months.  After hearing from the parties, the district court varied upward and imposed a 240-month sentence.

## I.  GENERAL PRINCIPLES

A defendant who violates 18 U.S.C. § 922(g) and has three or more previous convictions for a violent felony or serious drug offense is subject to an enhanced sentence under the ACCA.  See 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4.  The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i), (ii).  The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" clause and, finally, the "residual clause."  See United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).  In 2015, the Supreme Court struck down as unconstitutionally vague the residual clause, but did not call into question the ACCA's elements and the enumerated crimes clauses.  See Johnson v. United States, 576 U.S. ___, ___, 135 S. Ct 2551, 2563 (2015).

An offense qualifies as an enumerated crime under the ACCA "if the statute's elements are the same as, or narrower than, those of the generic offense."

Descamps v. United States, 570 U.S. 254, 257, 133 S. Ct. 2276, 2281 (2013) (emphasis added).  A crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense.  Mathis, ___ U.S. at ___, 136 S. Ct. at 2251.[2]

Burglary is one of the offenses listed in the ACCA's enumerated crimes clause.  18 U.S.C. § 924(e)(2)(B)(ii).  "To determine whether a prior conviction is for generic burglary . . . courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case."  Mathis, ___ U.S. ___, 136 S. Ct. 2248.

The generic offense of burglary requires at least "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  Taylor v. United States, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158 (1990); see also United States v. Howard, 742 F.3d 1334, 1342 (11th Cir. 2014).  A violation of a burglary statute that is narrower than the generic offense, such as in cases of convictions for first degree or aggravated burglary, may serve as an ACCA predicate "because the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary."  Taylor, 495 U.S. at 599, 110 S. Ct. at 2158.

---

[2]This Court reviews de novo whether a prior conviction qualifies as an ACCA predicate offense.  United States v. Day, 465 F.3d 1262, 1264 (11th Cir. 2006).

## II.  TURNER'S CLAIM

On appeal, Turner does not challenge the district court's reliance on his convictions for attempted murder and second degree burglary, focusing solely on his two prior convictions for first degree burglary under Alabama Code § 13A-7-5.

At the time Turner committed his two first degree burglaries, § 13A-7-5 provided that:

> A person commits the crime of burglary in the first degree if he or she knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
>
> (1) Is armed with explosives or a deadly weapon; or
> (2) Causes physical injury to any person who is not a participant in the crime, or
> (3) Uses or threatens the immediate use of a dangerous instrument.

Ala. Code § 13A-7-5 (2005) (emphasis added).[3]  Furthermore, Alabama Code § 13A-7-1(2) defines "dwelling" as a "building which is used or normally used by a person for sleeping, living or lodging therein."  Ala. Code § 13A-7-1(2).  Under Alabama law, a "dwelling" is construed narrowly and confined to areas used for sleeping and living and does not include outbuildings or curtilage, such as a garage.  Forman v. State, 546 So. 2d 977, 980-81 (Ala. Crim. App. 1986) (citing

---

[3]Although Turner cites the current version of the statute in his brief, the 2005 version of § 13A-7-5 was in effect when Turner committed both burglaries.  In any event, the differences between the two versions of the statute are immaterial to the issue Turner raises on appeal.

commentary to § 13A-7-1); see also Ryan v. State, 865 So. 2d 1239, 1242 (Ala. Crim. App. 2003).

As the government points out, Turner does not challenge the district court's determination that the first clause in § 13A-7-5(a) encompasses the elements of a generic burglary. Turner did not make such an argument in the district court and does not make it on appeal. As he did in the district court, Turner argues only that Alabama first degree burglary cannot qualify as an ACCA predicate offense because § 13A-7-5 requires, in the second clause, proof of another element in addition to generic burglary, to wit: that the defendant is armed with a deadly weapon or causes injury or used or threatened to use a dangerous weapon.

The district court did not err in relying upon Turner's two prior first degree burglary convictions under § 13A-7-5 to impose an ACCA-enhanced sentence. Even under Turner's argument, a defendant convicted of first degree burglary under § 13A-7-5 must necessarily have been found guilty of generic burglary. See Taylor, 495 U.S. at 599, 110 S. Ct. at 2158. Although Turner is correct that § 13A-7-5(a)(1) through (3) imposes additional elements—that the defendant must have caused injury or been armed with, used, or threatened the use of a weapon— these additional elements do not prevent the statute from serving as an ACCA predicate offense under the enumerated crimes clause because those additional

elements do not broaden the statute, but rather narrow it.  See Mathis, ___ U.S. at

___, 136 S. Ct. at 2251; Taylor, 495 U.S. at 599, 110 S. Ct. at 2158.

For these reasons, the district court did not err in concluding that Turner's

two convictions for first degree burglary under § 13A-7-5 qualified as violent

felonies under the ACCA's enumerated crimes clause.  Accordingly, we affirm

Turner's ACCA-enhanced 240-month sentence.

**AFFIRMED.**