PER CURIAM:
Appellant Randy Wilcher appeals his convictions and sentence for possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). After a jury convicted Wilcher,[1] the district court sentenced Wilcher to 188 months imprisonment. Wilcher raises five issues on appeal. After carefully reviewing the record, reading the parties’ briefs, and having the benefit of oral argument, we affirm the district court on all issues.
I
Wilcher first contends the district court erred in admitting statements made to officers — one by Wilcher and one by his ex-girlfriend, Laquandra Kilpatrick — that Wilcher slept in a bedroom where parole officers recovered a handgun during a search of Wilcher’s residence. As to the first statement, Wilcher argues the district court erred in admitting his statement because the prosecution failed to disclose its intent to use the statement at trial, in violation of Rule 16 of the Federal Rules of Criminal Procedure. See Fed R.Crim. P. 16(a)(1)(A).[2] The Government concedes *921 that it violated Rule 16 by failing to disclose its intent to use Wilcher’s statement, but argues the district court’s admission of the statement was not plain error.
Here, when the parole officer testified to Wilcher’s statement, Wilcher did not contemporaneously object and instead raised his Rule 16 objection after the next court recess. Consequently, we reverse only if the district court’s admission of this statement was plainly erroneous.[3] See United States v. Turner, 474 F.8d 1265, 1276 (11th Cir.2007) (applying plain error review where defendant “had ample opportunity to lodge a[n] ... objection during the two direct examinations at issue but did not”). Absent a contemporaneous objection or other prior notification by Wilcher to the district court that this statement was not disclosed properly, the Government’s failure to disclose would not have been obvious to the district court when it considered the statement’s admissibility. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (noting that a “plain” error is one that is “obvious”). The district court accordingly did not commit plain error by admitting the officers’ testimony about Wilcher’s statement, despite the Government’s admitted failure to disclose that statement. See id.
Wilcher next argues the district court erred by admitting Kilpatrick’s statement to officers that Wilcher slept in the bedroom where officers discovered the handgun. Wilcher argues the statement is inadmissible hearsay. We disagree.
We review a district court’s ruling on the admissibility of evidence for abuse of discretion, and evidentiary rulings will be overturned only if the moving party establishes that the ruling resulted in a “substantial prejudicial effect.” Judd v. Rod-man, 105 F.3d 1339, 1341 (11th Cir.1997).
According to Rule 801 of the Federal Rules of Evidence, hearsay “is a statement, other than one made by the declar-ant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Fed.R.Evid. 801(c). Out-of-court statements offered for a reason other than their truth are not hearsay, however, and their admission consequently is not barred by Rule 802 of the Federal Rules of Evidence.[4] See United States v. Arbolaez, 450 F.3d 1283, 1290 (11th Cir.2006). An out-of-court statement may be admitted to explain why officers conducted a particular investigation if the statement is “relevant to explain[ing] the course of the officials’ subsequent investigative actions, and the probative value of the evidence’s non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement.” See United States v. Baker, 432 F.3d 1189, 1209 n. 17 (11th Cir.2005).
Although Kilpatrick’s statement was made by an out-of-court declarant, the district court admitted the statement to explain why officers searched the bedroom of Wilcher’s house rather than to prove that Wilcher possessed the firearm. See United States v. Jiminez, 564 F.3d 1280, 1287 (11th Cir.2009) (allowing an out-of-court statement to explain an officer’s conduct). To avoid the danger of unfair prejudice, the district court instructed the jury that the statement was not admissible for the truth of the matter asserted (that Wil- *922 cher slept in the bed room), but rather to demonstrate the officers’ conduct. Thus, the district court did not abuse its discretion in admitting Kilpatrick’s statement.
Finally, even assuming arguendo that the court did err in admitting Kilpa-trick’s statement, the error was harmless. To be harmless, an error must not have affected the defendant’s substantial rights. See Olano, 507 U.S. at 734-35, 113 S.Ct. 1770. Here, the record reveals additional unchallenged and properly admitted evidence that demonstrated that Wilcher possessed the firearm. The record shows that Wilcher lived in the house where the handgun was found. Further, the Government offered testimony and presented photographic evidence that a box containing Wilcher’s documents was recovered from the bedroom and that Wilcher’s clothing was in the closet of the same bedroom. An officer also testified that while he was transporting Wilcher, Wil-cher said he saw the handgun on the morning of the search and placed it “underneath his mattress.” This evidence, taken together, constituted sufficient evidence that Wilcher had constructive, if not actual, possession of the gun. See United States v. Molina, 443 F.3d 824, 829-30 (11th Cir.2006) (holding a jury may infer that a defendant had constructive possession over objects found in his or her residence); United States v. Perez, 661 F.3d 568, 576 (11th Cir.2011) (holding a defendant has constructive possession over an object when he knows of the object’s presence and has the ability and intent to exercise dominion and control over the object).
II
Wilcher next argues that the Government improperly elicited expert testimony from Officer Daniel Arrugueta, who was not qualified as an expert under Rule 702 of the Federal Rules of Evidence. We need not reach the issue of whether the district court erred in allowing Officer Arrugueta to testify as a lay witness because admission of his testimony was invited by defense counsel’s statement to the court that Officer Arrugueta could testify as a lay witness regarding “whether the packaging is consistent with his experience as being for the purpose of sale.”
Ill
Next, Wicher claims the district court erred by not giving his requested mere presence and mere association instructions to the jury. We disagree.
A district court’s refusal to give an instruction that is supported by the evidence is reversible only if the proposed instruction was not substantially covered by other instructions given by the district court. See United States v. Paradles, 98 F.3d 1266, 1286 (11th Cir.1996) (holding that failure to give an instruction “is reversible error if (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant’s ability to defend himself’). The district court did not abuse its discretion in rejecting Wilcher’s proposed theory of defense instruction, which read, in relevant part:
The Defense contends that Mr. Wilcher had no knowledge of the heroin and the firearm.... Knowledge is an essential element of each of the three counts in the indictment.... Simply being present at the scene of the event, ... or merely associating with certain people, ... does not establish that Mr. Wilcher *923 knowingly possessed the heroin or the firearm.
The district court instructed the jury that “possession of a thing occurs if a person knowingly has direct physical control of it” or “if a person doesn’t have possession of it but has the power and the intention to take control of it later.” The district court’s instruction substantially covered the proposed defense instruction that a defendant’s knowledge of the existence of contraband items could not be inferred from physical proximity alone. See United States v. Rojas, 537 F.2d 216, 219-20 (5th Cir.1976) (holding that a virtually identical instruction to the one given by the district court here covered a proposed defense instruction regarding mere presence). The district court did not abuse its discretion in denying the requested defense instructions.
IV
Finally, Wilcher contends that the district court erred in imposing an enhanced sentence pursuant to 18 U.S.C. § 924(e)(1), the Armed Career Criminals Act (“ACCA”), which mandates a sentencing enhancement where a person is convicted of possession of a firearm by a convicted felon and “has three previous convictions by any court ... for a violent felony or serious drug offense, or both,” committed on separate occasions. See 18 U.S.C. § 924(e)(1). We review de novo whether a conviction is a qualifying one under the ACCA. See United States v. Day, 465 F.3d 1262, 1264 (11th Cir.2006).
Under the ACCA, a “serious drug offense” includes “an offense under State law, involving ... possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law.” 18 U.S.C. § 924(e)(2)(A)(ii). Wilcher admits that two of his previous convictions qualify as “serious drug offenses” under the ACCA, but argues the district court erroneously classified a third conviction as a serious drug offense. Wilcher contends the third conviction was for mere possession. Although Wilcher was charged in the indictment with possession of cocaine and marijuana with intent to distribute, the judgment does not unambiguously indicate that the convictions were serious drug offenses because they do not state which provision of the Georgia statute Wilcher violated.
Nevertheless, the district court did not err in imposing an enhanced sentence pursuant to the ACCA because Wilcher’s third conviction was for a serious drug offense. See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding a district court generally may consider only the “statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.”). Here, the district court relied on the judgment and the indictment,[5] which are permissible sources of information under Shepard. As indicated by the judgment, Wilcher pled guilty to Count 1 of the indictment, which charged Wilcher with “unlawfully possessing] ... Cocaine ... with intent to distribute said drug.” That crime bears a maximum punishment of up to thirty years imprisonment. See O.C.G.A. § 16-13-30(d). Nothing in the judgment indicates that Wilcher’s conviction differed from the charges in the indictment. Because the charging document and the judgment reflect that Wilcher’s *924 conviction was for possession with intent to distribute a controlled substance and carried a maximum penalty of ten years or more, Wilcher’s sentence was eligible for enhancement under the ACCA.
AFFIRMED.

. The jury convicted Wilcher on two of the three counts the Government brought against him. The jury acquitted Wilcher of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).

. Rule 16 requires the government to disclose in advance the substance of any statements made by the defendant to a known government agent that the government intends to introduce at trial. See Fed.R.Crim.P. 16(a)(1)(A); United States v. Perez-Oliveros, 479 F.3d 779, 782 (11th Cir.2007).

. Where a defendant contemporaneously objects to violation for Rule 16, evidentiary rulings based on that violation are reviewed for an abuse of discretion. See United States v. Perez, 960 F.2d 1569, 1572 (11th Cir.1992).

. Rule 802 provides that hearsay is inadmissible unless it falls under a statutory or rule-based exception.

. Wilcher contends the plea colloquy indicates he pleaded guilty to mere possession, not to possession with intent to distribute. Though somewhat unclear, the plea colloquy does not indicate unambiguously that Wilcher pleaded guilty to mere possession.