[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11539

_____

D.C. Docket No. 1:10-cr-00025-TWT-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY WILCHER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 23, 2018 )

Before WILSON, NEWSOM, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

Randy Wilcher, a federal prisoner, appeals the district court's denial of his pro se Federal Rule of Civil Procedure 60(b)(6) motions. On appeal, Wilcher argues that the district court erred by treating his Rule 60(b)(6) motions as impermissibly filed successive 18 U.S.C. § 2255 motions. Specifically, he argues that he is entitled to a ruling on his argument that one of his earlier convictions no longer categorically qualifies as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). After review of the parties' briefs and the record, and with the benefit of oral argument, we vacate and remand for the district court to rule on Wilcher's *Johnson* categorical claim.

I.

Wilcher was convicted by a jury of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court sentenced Wilcher to 188 months in prison after determining that he had three prior convictions for serious drug offenses, which implicated the 15-year mandatory minimum in the ACCA. Those prior convictions were (1) a 1988 Georgia state conviction for possession with intent to distribute cocaine, (2) a 1990 Georgia state conviction for voluntary manslaughter and aggravated assault, and (3) a 1990 Georgia state conviction for possession with intent to distribute cocaine.

2

Wilcher argued unsuccessfully that the 1988 conviction for possession with the intent to distribute cocaine was not a "serious drug offense."

We affirmed Wilcher's convictions and sentence in *United States v. Wilcher*, 512 F. App'x 919 (11th Cir. 2013) (per curiam). Specifically, we rejected Wilcher's argument that his 1988 drug conviction was not a serious drug offense under the ACCA.[1] Wilcher then filed a pro se motion to vacate his sentence under § 2255 on April 10, 2014. In his § 2255 motion, Wilcher asserted that his counsel was ineffective and that his sentence must be vacated because the three prior convictions used as predicates for his ACCA sentencing enhancement were not charged in the indictment and found by the jury beyond a reasonable doubt. While the motion was still pending, Wilcher moved pro se to amend it. In his motion to amend, Wilcher included an argument that his enhanced sentence under the ACCA was no longer constitutional in light of the Supreme Court's ruling in *Johnson*. The district court denied Wilcher's initial § 2255 motion on July 6, 2015, but it later granted Wilcher's motion to amend.

Wilcher never filed an amended § 2255 motion, and the district court never ruled on the *Johnson* claim mentioned in his motion to amend.[2] Wilcher did later

---

[1] We also rejected Wilcher's arguments regarding alleged evidentiary errors at trial and an alleged error in the jury instructions.

[2] Wilcher did attempt to appeal the district court's denial of his § 2255 motion, but we held that because the *Johnson* claim remained pending before the district court, we lacked jurisdiction to review that claim. *United States v. Wilcher*, No. 15-13913 (11th Cir. Nov. 23, 2015) (per curiam), ECF No. 13.

file two identical pro se Rule 60(b)(6) motions for relief from judgment in December 2015 and January 2016. In these motions, Wilcher said that he was "not challenging any previous rulings on the merit[s] in his initial [§] 2255 [motion]." Instead, Wilcher stated that he sought to challenge whether his previous convictions could still qualify as predicate offenses under the ACCA. The government argued that Wilcher's Rule 60(b)(6) motions should be construed as impermissibly filed successive § 2255 motions. The district court agreed and denied the motions on that basis. Wilcher timely appealed.[3] Wilcher initially filed his appeal briefs pro se, but we later appointed counsel for Wilcher on appeal and then restarted the briefing schedule. Both parties have now submitted counseled briefs. In its brief, the government (having switched positions) now concedes that the district court erred in construing Wilcher's Rule 60(b)(6) motions as successive § 2255 motions.

## II.

We review de novo a district court's dismissal of a motion as a successive § 2255 motion. *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014). "Pro se pleadings are held to a less stringent standard than pleadings drafted by

---

[3] The government moved to dismiss the appeal for lack of jurisdiction, but we denied its motion because a Certificate of Appealability is not required when a prisoner seeks to appeal a decision dismissing a habeas petition for lack of subject matter jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

Pursuant to Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding on certain grounds, including any reason that justifies relief. Fed. R. Civ. P. 60(b). A Rule 60(b) motion should be treated as a successive habeas petition if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005).[4] But when the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," and not a merits issue, it is not an impermissible successive motion. *Id*.

## II.

Construing Wilcher's pro se filings liberally, we find (as the government now concedes) that Wilcher did not impermissibly file successive § 2255 motions. Wilcher did not cite *Johnson* in his identical Rule 60(b)(6) motions, but he stated that he was "challenging the integrity of the court in . . . ignoring his claim challenging the 'nature' of his Georgia State Court conviction that was used to make him a Career offender and place him in a class of offenders where he does not belong." Wilcher then cited to a number of the Supreme Court's recent

---

[4] A prisoner in our circuit cannot file a second or successive habeas petition without our permission. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

decisions applying the categorical approach in the ACCA context. In essence, read liberally, Wilcher is arguing that the district court ignored the claim he made in his motion to amend his § 2255 motion—that after *Johnson* his 1988 drug conviction no longer categorically qualifies as a serious drug offense. Because the district court has not ruled on that claim, Wilcher's identical motions are indeed permissible Rule 60(b)(6) motions. It is therefore also improper for us to rule on Wilcher's claim at this time. *See Clisby v. Jones*, 960 F.2d 925, 934 (11th Cir. 1992).

### III.

For the foregoing reasons, we vacate the district court's order denying Wilcher's Rule 60(b)(6) motions as impermissible § 2255 motions and remand for the district court to rule on Wilcher's *Johnson* categorical claim.

**VACATED AND REMANDED.**